UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORDEIS DELGADO
RODRIGUEZ,

       Petitioner,

    v.                                                                 Case No.:  2:26-cv-01904-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

       Respondents,

_____/

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Nordeis Delgado Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Delgado Rodriguez is a native of Cuba who was paroled into the United States on June 20, 2004.  Following convictions for theft and burglary, an immigration judge ordered him removed to Cuba on January 12, 2012. Immigration and Customs Enforcement ("ICE") released him on an order of supervision on February 7, 2012.  On September 10, 2025, Border Patrol agents arrested Delgado Rodriguez outside his home in a targeted operation.  ICE has detained him at about eight different facilities since then, mostly Alligator Alcatraz.  It appears he is currently in New Mexico.  On November 4, 2025, Cuba refused to accept Delgado Rodriguez for repatriation.  ICE has made no apparent attempts to remove him since then.  Delgado Rodriguez challenges

the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government concedes there is no significant likelihood Delgado Rodriguez will be removed in the reasonably foreseeable future and states it has no grounds to oppose his petition. The Court thus finds no significant likelihood Delgado Rodriguez will be removed in the reasonably foreseeable future. He is entitled to release from immigration detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Delgado Rodriguez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Nordeis Delgado Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Delgado Rodriguez within 24 hours of this Order and provide him telephone access so he can arrange transportation from the facility, unless he is returned to state custody

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record